THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY DISS, DENISE DISS *husband and
wife, in their capacities as natural Guardians of
the minor child CALEAN DISS, and Denis Diss,
individually*,

10-cv-0225

**ELECTRONICALLY FILED**

Plaintiffs,

v.

DERRY AREA SCHOOL DISTRICT, CANINE
ASSISTANTS,

Defendants.

**ORDER GRANTING CONSENT "MOTION TO REMOVE"
(DOC. NO. 16) REMAINING STATE CLAIMS TO STATE COURT**

On July 22 2010, this Court entered an Order (Doc. No. 15) granting Defendant Derry

Area School District's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be

Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 9), and dismissing the

School District from the case. Remaining in the case are the Pennsylvania common law trespass

claims against Defendant Canine Assistants, which plaintiffs Jeffrey and Denise Diss assert is a

"non-profit corporation, with a business address of 3160 Francis Road, Milton, Georgia 30004."

Complaint ¶ 9. Plaintiffs do not specifically aver that Canine Assistants is a "citizen" of Georgia,

*id.*, for purposes of diversity jurisdiction, and do not assert that this Court has diversity

jurisdiction over Canine Assistants; in fact, the Complaint fails to identify any source of

jurisdiction over that Defendant. Complaint, ¶¶ 2,3.

Where all federal claims are dismissed on a dispositive motion, the district court may

refrain from exercising its supplemental jurisdiction. 28 U.S.C. § 1367(c). *See Borough of West*

*Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").  Where, as here, the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966);  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (where the claim over which district court had original jurisdiction is dismissed before trial, court should decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so).

The Court would probably have declined to entertain its supplemental jurisdiction under 28 U.S.C. § 1367(a) over plaintiffs' state claims against Canine Assistants, but for plaintiffs' Consent "Motion for Removal" (Doc. No. 16) of those claims.  The Court will grant this consent motion, but cannot "remove" or remand this case to state court, because it was filed originally in the United States District Court for the Western District of Pennsylvania.

However, plaintiffs may attempt to pursue these claims in a Pennsylvania court pursuant to 42 Pa.C.S. § 5103(b) by filing the appropriate certifications.  See *Williams v. F.L. Smith Mach. Co.*, 395 Pa. Super. 511, 577 A.2d 907 (1990); *Mattola v. Reading Hosp. and Medical Center*, 2010 WL 744170, *3 and n.10 (E.D. Pa. 2010) ("Because this case was not removed from state court and because this court is without jurisdiction, remanding the case is not an option. Accordingly, I will grant the defendant's motion, and dismiss the case without prejudice to the plaintiff's right to pursue her claims in state court pursuant to 42 Pa.C.S. § 5103(b) by filing the

appropriate certifications in the Court of Common Pleas . . . ."); *Risich v. Bensalem Tp.*, 2005 WL 2850382, *2 (E.D. Pa. 2005) ("Once an order is entered by the federal court dismissing the matter for lack of jurisdiction, '[i]t is then incumbent upon the litigant to take further action under the statute to move the case to state court.'" ); *Electronic Lab Supply Co. v. Cullen*, 782 F.Supp. 1016, 1021 (E.D.Pa.1991) (discussing transfer to Court of Common Pleas pursuant to 42 Pa. C.S. §5103(b)).

Accordingly,

IT IS HEREBY ORDERED that the Consent "Motion for Removal" (Doc. No. 16) is GRANTED, and Defendant Canine Assistants is dismissed without prejudice.

The Clerk of Court shall mark this case closed.

Plaintiffs may effect transfer of their claims by promptly filing a certified transcript of the final judgment and the related pleadings in this Court to the proper Pennsylvania tribunal. 42 Pa. C.S. § 5103(b)(2).

SO ORDERED this 26th day of July, 2010

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Counsel of record